STUMP *v.* FRALEY and Others.

STUMP
v.
FRALEY.

Where evidence is excepted to, the grounds of objection must be stated specifically, and the exceptions must be taken at the time the decision objected to is made.

The plaintiff excepted to the finding of the Court upon the evidence, but did not move for a new trial. *Held,* that the evidence could not be reviewed by the Supreme Court.

APPEAL from the *Fountain* Circuit Court.

Gookins, J.—This action was brought by *Stump* against *Fraley* and others, to recover a lot in the town of *Attica,* and damages for its detention. There was a trial by the Court; finding and judgment for the defendants. The record contains the evidence.

*Wednesday, June 18.*

After the plaintiff had given evidence of title, and the defendants had introduced a deed in which an alteration appeared to have been made either before or after its execution, they introduced witnesses who testified in reference to the supposed alteration, and also to certain declarations of the plaintiff, to the effect that he had sold and conveyed his entire interest in the town of *Attica,* and also in reference to the occupancy of the lot by the defendant *Smith,* and to the building of a house upon it fifteen or sixteen years ago by one *Hughes.* The defendants excepted to the giving of this evidence. The exception is stated as follows: " To the giving of this evidence to the Court trying said cause, by said witnesses, at the time it was offered for the purpose aforesaid, the plaintiff objected." It then states the overruling of the objection and the plaintiff's exception, in the same general language.

Exceptions to evidence can not be reserved in this way. We understand the statute to require that exceptions to evidence must be specific, and not general; that the grounds of objection are to be stated, and exceptions taken to the ruling of the Court at the time the decision excepted to is made. 2 R. S., p. 115, s. 343. It is doing no kind of justice to the Court trying the cause, to permit the testimony of several witnesses upon various points to be given, and

May Term,
1856.

then at the conclusion to except to the whole in a body. One important office of the exception is to direct the attention of the Court particularly to the objection and the grounds of it, so that if erroneous it may be re-examined and corrected, and this is what the statute was intended to secure. The question of the admissibility of this evidence is not reserved in such a manner as will enable us to review it.

The plaintiff excepted to the finding of the Court upon the evidence, but did not move for a new trial. The object of the motion for a new trial is to enable the Court to review the evidence, to see if it is sufficient to support the verdict. If that is not done, we can not review it here.

*Per Curiam.*—The judgment is affirmed with costs.

*J. R. M. Bryant* and *R. A. Chandler*, for the appellant.

*M. M. Milford*, for the appellees.

