THE MIDLAND PACIFIC RAILROAD CO. v. McCARTNEY.

| | |
|---|---|
| 1 | 398 |
| 1 | 406 |
| 1 | 407 |
| 1 | 408 |
| 3 | 117 |
| 3 | 446 |
| 4 | 43 |
| 4 | 415 |
| 4 | 589 |
| 5 | 101 |
| 5 | 356 |
| 6 | 129 |
| 6 | 381 |
| 6 | 417 |
| 7 | 9 |
| 8 | 15 |
| 8 | 138 |
| 8 | 388 |
| 12 | 211 |
| 18 | 704 |
| 23 | 98 |
| 1 | 398 |
| 25 | 122 |
| 1 | 398 |
| 33 | 156 |

## The Midland Pacific Railroad Co. v. McCartney.

1. PRACTICE: *Verdict.* The appellate court will presume the verdict of the jury sustained by the evidence, unless the contrary fully appear.

2. —— : ——. All the evidence adduced on the trial should be preserved in the bill of exceptions, and the fact be accordingly stated, in order to justify a claim that the court below erred in refusing a new trial, asked for on the ground that the verdict was not sustained by sufficient evidence.

3. —— : *Motion for new trial.* Errors in the admission or refusal of testimony on the trial and in giving or refusing instructions to the jury will be considered as waived, unless complaint thereof be made in the motion for a new trial.

This was a petition in error filed in this court by the Midland Pacific Railroad Company. The facts are fully stated in the opinion except the single one that a motion for a new trial was filed in the court below, and that errors assigned in the petition in error are not included in the motion.

*S. H. Calhoun* and *John H. Croxton*, for plaintiff in error.

The line of plaintiff's railway crosses the defendant's land. Defendant refused to give the right of way across the same. Appraisers, appointed as required by the laws of Nebraska, on actual view appraised the same. From this appraisement defendant appealed to the District Court of the First Judicial District, in and for the county. On a trial in said court, before a jury, the damage was reassessed. In this trial plaintiff claims that there was error, as set forth in their petition in error filed in this court.

The plaintiff holds the true rule of the assessment of damages in cases of this kind to be: That the jury shall confine themselves to estimating real value of the land taken, without going into any conjectural and speculative

THE MIDLAND PACIFIC RAILROAD CO. *v.* MCCARTNEY.

estimations of consequential damages. And this can only be truly and fairly done by determining the value of the whole land without the railway, and the portion remaining after the railway is built. The difference is the true assessment of the damages—the true compensation to which the owner is entitled, except when there is some special benefit resulting or accruing to the remainder of the land by reason of the location and operation of the railway through or over the same; in which case the amount of such special benefit is to be deducted from the amount of the damage so ascertained. The remainder, if anything, will be the amount of damage which the owner of the land would be entitled to receive.—*Henry* v. *The Dubuque & Pacific Railway Co.*, 2 *Iowa*, 288; *Meacham* v. *Fitchburg Railway*, 4 *Cush.* 291; *Upton* v. *South Reading Railway*, 8 *Cush.* 600; *Albany N. Railway* v. *Lansing*, 16 *Barb.* 68; *Canandaigua & N. Railway* v. *Payne*, 16 *Barb.* 273; *Greenville & C. Railway* v. *Partlow*, 5 *Rich.* 428; *White* v. *Charlotte & S. C. Railroad Co.*, 6 *Rich.* 47; *A. & S. Railway Co.* v. *Carpenter*, 14 *Ill.* 190; *Symonds* v. *Cincinnati*, 14 *Ohio*, 147; *Brown* v. *Cincinnati*, 14 *Ohio*, 541; *McIntire* v. *State*, 5 *Blackf.* 384; *State* v. *Digby*, 5 *Blackf.* 543; *Troy & Boston Railway* v. *Lee*, 13 *Barb.* 169–71; *Matter of F Street*, 17 *Wend.* 649; *Canal Co.* v. *Archer*, 9 *Gill & J.* 480; *Parks* v. *City of Boston*, 15 *Pick.* 198; *Somerville Railway* v. *Doughty*, 2 *Zab.* 495; *Columbus P. & J. Railway* v. *Simpson*, 5 *Ohio St.* 251; *Rochester & Syracuse Railway* v. *Budlong*, 6 *How. Pr.* 467; *Sater* v. *B. & Mt. Pl. Railway*, 1 *Clarke*, 386; *Harvey* v. *Lackawana & Bloomsburg Railway*, 47 *Penn. St.* 428; *Win. & St. Peter's Railway* v. *Denman*, 10 *Minn.* 267; *Whitman* v. *Boston & Maine Railway*, 3 *Allen*, 133; *Livermore* v. *Jamaica*, 23 *Vt.* 362; *Indiana Central Railway* v. *Hunter*, 8 *Ind.* 74; *Robbins* v. *Milw. & Hor. Railway Co.*, 6 *Wis.* 636; *Nashville Railway* v.

*Dickerson*, 17 *B. Mon.* 173–180; *Louisville & Nashville Railway* v. *Thompson*, 18 *B. Mon.* 735.

The rule governing the admission of evidence seems to be—to allow only strictly legal evidence to be received, such as would be admissable in the trial of similar questions before a jury in ordinary cases.—1 *Redfield on Railw. sec.* 72; *Troy & Boston Railway* v. *Northern Turnpike Co.*, 16 *Barb.* 100; *Rochester & Syracuse Railway* v. *Budlong*, 6 *How. Pr.* 467; *Lincoln* v. *Saratoga & Schenectady Railway*, 23 *Wend.* 425, 32.

And the witnesses cannot be allowed to give their *opinion* of the value of the land or material taken.—*Montgomery & West Point Railway* v. *Varner*, 19 *Alab.* 485; *Concord Railway* v. *Greely*, 3 *Foster*, 237; *Buffman* v. *New York & Boston Railway*, 4 *Rh. I.* 221; *Cleveland & Pittsburgh Railway* v. *Vanhorn*, 18 *Ill.* 257; *Dorlan* v. *E. Br. & Wav. Railway Co.*, 46 *Penn. St.* 520; *East Pa. Railway Co.* v. *Heister*, 40 *Penn. St.* 53; *East Penn. Railway Co.* v. *Hottensteine*, 47 *Penn. St.* 28.

Preliminary surveys may be made without compensation.—1 *Redfield Railway*, sec. 66, *p.* 241; *Cushman* v. *Smith*, 34 *Maine*, 247; *Polly* v. *S. W. Railway Co.*, 9 *Barb.* 449; *Bloodgood* v. *Mohawk & H. Railway*, 14 *Wend.* 51; *S. C.* 18 *Wend.* 9; *Statutes revised, of Nebraska*, sec. 81, *p.* 217.

Who shall go forward in the pleadings, proof and argument, on the trial.—1 *Greenleaf Evi. sec.* 76, 77; *Connecticut River Railway* v. *Clapp*, 1 *Cush.* 559; 1 *American Railway cases*, 450; *Mercer* v. *Whall*, 52 *Q. B.* 447; 1 *Redfield Railway*, sec. 71, *p.* 268.

The fact that a juror is a citizen of a town, city or county, and tax payer therein, against which suit is brought to recover judgment, does not render him incompetent to sit as a juror in that suit; nor does the fact that a man is a tax payer and citizen of a town, city, or county which may

THE MIDLAND PACIFIC RAILROAD CO. v. McCARTNEY.

be liable, or may become liable to pay the judgment in a given case, if rendered, render him incompetent to sit as a juror in the trial of that case. He has no such interest in the event of the suit as will incapacitate him to sit as a juror.—*Comms. of Clermont Co.* v. *Little,* 3 *Ohio,* 289.

Party claiming damages must show title.—*Henry* v. *The Dubuque & Pacific Railway Co.,* 2 *Iowa,* 288.

*I. N. Shambaugh,* for defendant in error.

The defendant in error insists that no errors were committed by the court below, and relies upon the following points and authorities:

I. But two points are made in the motion for a new trial, and none others will be considered by this court. All the errors complained of must be assigned and relied on in the motion for a new trial, and if the attention of the court below is not called to the same by such motion, will be considered waived.—4 *Mo.* 544; 6 *Mo.* 162; 9 *Mo.* 493; 10 *Mo.* 515; 11 *Mo.* 623; 13 *Mo.* 444, 453; *Hilliard on New Trials,* 12 and 16.

The motion for a new trial was properly overruled. The damages are not excessive.—20 *Mo.* 272, 567; 21 *Mo.* 354.

The evidence fully sustains the verdict, and this court will not set aside a verdict if there is any evidence to support it.—1 *Mo.* 13; 3 *Mo.* 464; 7 *Mo.* 292, 220, 445; 4 *Mo.* 295; 5 *Mo.* 489; 6 *Mo.* 489, 61, 211; 8 *Mo.* 642; 9 *Mo.* 268; *Mo.* 380; 19 *Mo.* 241; 11 *Mo.* 264; *Hilliard on New Trials,* 340; 6 *Ohio,* 456; 12 *Ohio,* 151; 4 *Ohio,* 566; 2 *Ohio,* 44, 53; 12 *O. S.* 146.

But if the rulings of the court below upon the other points made in the plaintiff's petition were properly before this court for consideration and review, the defendant insists that no errors were committed by the court below, and relies upon the following points and authorities:

[S. C. N.]        26

THE MIDLAND PACIFIC RAILROAD CO. v. MCCARTNEY.

I. The court committed no error in excluding tax paying citizens of Nebraska city from serving as jurors in this cause.—11 *Mass.* 468 ; 2 *Mass.* 543 ; 13 *Mass.* 339 ; 4 *Gray*, 427 ; 11 *Mo.* 247.

II. There was no error in requiring the parties to plead *de novo* in the District Court, and no exception was taken to the ruling of the court.

III. The defendant would have failed if no evidence had been given, and he was entitled to the opening and conclusion. Section 283, Code. Section 97, act concerning corporations.

IV. There was no error in permitting defendant to testify to the ownership of the land. The title was not in issue. The plaintiff asserted and affirmed defendant's title by proceeding against him to have the damages assessed. Section 97, act concerning corporations.

V. There was no error in admitting the evidence as to the damages done to the land and improvements. The evidence of defendant and his witnesses was rightly admitted. The evidence offered by plaintiff, relative to the price of land at public sales, was properly excluded.

VI. The rule or measure of damages laid down by the court and the instructions given by the court were correct, indeed more favorable to the plaintiff than to the defendant, and it has no cause of complaint.—5 *Pick.* 182 ; 15 *Pick.* 564, 198 ; 17 *Pick.* 58 ; 4 *Cush.* 291, 292 ; 5 *Black.* 386 ; 25 *Mo.* 258, 535, 544 ; 7 *Allen* 322 *directly in point ;* *Redfield on Railways*, 133–138, 148–155 ; 692–697 *App.*

In estimating the damages the jury were properly instructed to consider the value of the land at the time the road was located over it, and to give interest from that time.—7 *Allen*, 326.

VII. The instructions asked by plaintiff were properly refused.

VIII. Judgment was properly rendered against the plain-

tiff. When the damages were assessed the plaintiff became entitled to the use of the land taken, and the defendant to the damages assessed, and the plaintiff could not be compelled to pay the damages and costs, except by judgment and execution.—12 *Mo.* 328 ; 22 *Pick.* 363 ; 2 *Metcalf,* 559. Section 97, act concerning corporations.—*Redfield on Railways,* 129, *sec.* 17–684, *sec.* 98.

IX. The verdict is for the right party, and this court will not disturb it.—*Graham & Waterman on New Trials, vol.* 2, 48 *and* 49 ; 1 *Ohio,* 330, 357 ; 5 *Ohio,* 375, 385, 109 ; 4 *Ohio,* 5 ; 5 *Ohio,* 89.

Lake, J.

In the District Court this case was tried to a jury on an appeal from an assessment of damages for the right of way for a railroad track through the defendant's lands.

A verdict was rendered by the jury assessing the damages at the sum of $599.50. The plaintiff filed a motion for a new trial on the ground that the damages were excessive and not sustained by sufficient evidence. The court overruled the motion for a new trial and entered judgment on the verdict against the railroad company, to which exceptions were duly taken.

Of the alleged errors this court can only consider that which relates to the rendition of judgment on the verdict of the jury. As to the sufficiency of the evidence to sustain the verdict it is well settled that the appellate court will presume the verdict right, and the evidence ample to sustain it until the contrary is made to appear. This should be done by embodying all of the testimony that is produced on the trial bearing upon the point of dispute, in a bill of exceptions, so that it shall become a part of the record of the case. Considerable testimony was thus preserved and is before us, but looking into the record we are

unable to say that this is all. There may have been very much more presented to the jury which had a direct bear. ing upon the question of damages, and contributed materially to produce the result to which the jury arrived. Where all the evidence is not in the record the ruling of the court in refusing a new trial on the ground that the verdict is not sustained by sufficient evidence is presumed to be correct.

It is also objected that the court below erred in the admission of illegal testimony and also in the instructions given to the jury. These points were not made, however, in the motion for a new trial. If the court had committed the errors suggested, they would have been good grounds for a new trial, but no complaint of such errors having been made, nor the attention of the court directed thereto in the motion for a new trial, we must consider them as waived.— *Stump* v. *Fraley*, 7 *Ind.* 679 ; *Zebnor* v. *Beard*, 8 *Id.* 96 ; *State* v. *Swarts*, 9 *Id.* 221 ; *Howes* v. *Holliday*, 10 *Id.* 339 ; *Kent* v. *Lawson*, 12 *Id.* 675 ; *Gray* v. *Stiver*, 24 *Id.* 174 ; *Lures* v. *Batte*, 26 *Id.* 343 ; *Stillwell* v. *Chappell*, 30 *Id.* 72.

A reference to the cases here cited shows an unbroken current of decisions in support of the position which we are constrained to take.

The Code of Indiana, in its provisions relating to new trials, is substantially the same as our own. The language used is nearly identical, and makes errors of law occuring at the trial, and excepted to by the party making the application, a ground of a motion for a new trial.

In the case of the *State* v. *Swarts*, above cited, Judge STEWART, in his opinion, says : " It is due to the lower court that its errors, if any, be pointed out there,so that it may retrace its steps while the record is yet under its control." I am aware that in *Earls* v. *Pittsburgh R. R. Co.*, 12 *Ohio State*, 621, a different construction is given to the same statutory provision. But with the utmost respect for

the court making that decision, I must say that the construction given by the courts of Indiana seems to be more in harmony, both with the letter and the spirit of the Code.

The same principle will require a motion for a new trial to be made for every cause specified in section 314 of the Code, as a ground therefor, before this court can review the judgment of the District Court thereon.

As to the rendition of a judgment upon the finding of the jury, I am satisfied that there is no error. Such is the practice in Indiana and Ohio, under statutes similar to our own, and the language of the act under which the case was appealed to the District Court will justify it.—*Evansville R. R. Co.* v. *Fitzpatrick*, 10 *Ind.* 20.

For these reasons the judgment of the District Court must be, in all things, affirmed.

Judgment affirmed.