TOLIVER *v.* MOODY.

MOTION FOR NEW TRIAL.—*Misconduct of Jury.*—Alleged misconduct of the jury, consisting of statements made by one or two jurors in the jury room, that the defendant is "a wealthy man," if any reason for a new trial, is not sufficiently sustained by the oath of the defendant that he had been informed and believed that such statements had been made in the jury room.

APPEAL from the Lawrence Circuit Court.

DOWNEY, J.—This was an action for slander brought by the appellee against the appellant. A complaint consisting of three paragraphs was filed, and is set out in the transcript. Separate demurrers were filed to each paragraph, which were overruled. The defendant then answered by general denial. Subsequently the defendant moved the court to strike out certain parts of the complaint, and his motion was

Toliver *v.* Moody.

sustained. The plaintiff was given leave to amend the complaint. The defendant again demurred to the complaint, and his demurrer 'was overruled. The defendant then again answered. Neither the amended complaint, the demurrer to it, nor the last answer is in the record.

The overruling of the demurrers to the paragraphs of the complaint is assigned as error. But as neither the amended complaint nor the demurrers to it are in the record, we cannot decide whether the action of the court was correct or not.

The only other error assigned is, that the court should have granted a new trial. The new trial was asked on the ground, first, that the evidence is not sufficient to sustain the verdict; second, that the verdict is contrary to law; third, that the damages are excessive; fourth, certain misconduct of the jury, consisting in an alleged statement by one or more of the jurors to their fellows in the jury room, that the defendant was "a wealthy man," which was untrue.

The slanderous words were spoken to the plaintiff and to others, at different times, at a public sale, where there were a hundred or more persons present. The damages were fourteen hundred dollars. We cannot disturb the judgment on account of the insufficiency of the evidence, or the amount of the damages. The slander was that the plaintiff had been guilty of larceny. The charge of misconduct on the part of the jurors, if it was any reason for a new trial, is not sustained by any evidence. The defendant made oath that he had been informed and believed that such statement had been made in the jury room. This was no evidence upon which to set aside the verdict. We see no reason for reversing the judgment.

The judgment is affirmed, with costs.*

BUSKIRK, C. J., having been of counsel for the appellee, was absent.

*E. D. Pearson, A. B. Carlton*, and *J. H. Swaar*, for appellant.

*Petition for a rehearing overruled.