## BURDGE *v.* LEWIS.

PRACTICE.—*Supreme Court.—Demurrer.*—Where no demurrer is in the record, this court cannot say that any was filed assigning as cause that the complaint does not state facts sufficient to constitute a cause of action.

SAME.—*Weight of Evidence.*—A judgment will not be reversed simply because the verdict was against the weight of evidence.

SAME.—*Motion for New Trial.*—A motion for a new trial, on the ground that the court erred in admitting evidence offered by the plaintiff over the defendant's objection, is too indefinite to raise any question for review.

From the Wabash Circuit Court.

*J. U. Pettit* and *A. Taylor,* for appellant.

*J. D. Conner,* for appellee.

WORDEN, J.—This was an action by the appellee against the appellant, to quiet the plaintiff's alleged title to certain real estate. The defendant answered by general denial, and by way of counter-claim setting up title in himself. Issue, trial, verdict and judgment for the plaintiff.

The defendant below appeals. We will consider the grounds relied upon in his brief for a reversal. It is insisted that a demurrer to the complaint should have been sustained. The complaint seems to have consisted of three paragraphs, but the plaintiff dismissed the first and second. The third was twice amended, and after the second amendment the record recites that "the defendant now files his demurrer to the third paragraph of the plaintiff's complaint in these words (not on file), which demurrer the court overruled, to which ruling the defendant excepts." There being no demurrer in the record to the pleading as finally amended, we cannot say that any was filed assigning as cause that the pleading did not state facts sufficient to constitute a cause of action. But if the pleading failed to state such facts, the defect was not waived by a failure to demur for that cause. There is, however, no assignment of error that in any way questions the sufficiency of the complaint. No question, therefore, as to the sufficiency of the facts alleged in the complaint is properly before us.

It is said in the brief of counsel for the appellant, secondly, that "the finding of the jury is against the weight of the evidence." This may be, and yet we believe no case can be found where a judgment has been reversed in this court simply because the verdict was against the weight of the evidence. We pass to the next point.

It is urged, in the third place, that the court below erred in receiving, over the objection of the appellant, the testimony of William McCrea and David B. Patterson. These witnesses were examined, and to some portions of their evidence objection seems to have been made and overruled, but the record does not show what or whether any ground of objection was pointed out. Besides this, the motion for a new trial would seem to be too vague and indefinite to raise any question in this respect. On this point it is as follows:

"6. The court erred in admitting evidence offered by the plaintiff over defendant's objection." What evidence, or the evidence of what witnesses, was offered, was not specified or in any manner pointed out.

It is claimed, in the fourth place, that "the court below erred in pronouncing its judgment on the verdict in favor of plaintiff, when it should have been in favor of the defendant." No particular reason is pointed out why the judgment should not regularly follow the verdict.

In the fifth and last place, it is urged that there was error in "giving judgment in favor of the plaintiff and against defendant for all costs, when it should have been in favor of the defendant against the plaintiff." The last two objections seem to be urged upon the theory that the complaint was bad for the want of a statement of sufficient facts ; but we have already seen that no question in this respect is legitimately before us. There is no error in the record.

The judgment below is affirmed, with costs.