## MEEK *v.* KEENE.

PRACTICE.—*Motion for New Trial.*—A motion for a new trial, on the ground of evidence having been improperly admitted or excluded, must point out the evidence claimed to have been improperly admitted or excluded.

INSTRUCTION.—*Fraud and Warranty.*—In an action for fraud and warranty in the sale of personal property, it is error to instruct the jury that if the plaintiff made an examination of the property for himself he can not recover, unless the defendant warranted the property to be of a certain kind or character, and it did not comply with the terms of the warranty.

From the Owen Common Pleas.

*A. T. Rose, D. E. Beem,* and *J. J. Stephenson,* for appellant.

*C. F. McNutt, G. W. Grubbs, W. A. Montgomery, W. E. Dittemore,* and *J. C. Robinson,* for appellee.

PETTIT, J.—This suit was brought by the appellant against the appellee, before a justice of the peace. What was done before the justice, or how it got into the common pleas court, does not appear by the record; but counsel in their briefs say that there was judgment for the plaintiff before the justice, and that an appeal was taken by the defendant to the common pleas. The only paper in the record, that was before the justice, is the complaint, and that shows that the suit was for fraud and warranty in the sale of wheat, with proper averments as to both, and seeks to recover back the purchase-money which had been paid. There was a trial by jury, and verdict and judgment for the defendant.

The only legal or proper assignment of error is the over-ruling of a motion for a new trial. The reasons for a new trial are:

" 1st. The verdict is not sustained by sufficient evidence.

" 2d. That the verdict is contrary to law.

" 3d. That the court erred in the ruling on the admission and rejection of evidence at the trial of said cause, which rulings were at the time excepted to by the plaintiff. (Exceptions No. 1.)

" 4th. Error of the court in giving instructions to the jury, which were excepted to at the time, to wit, Nos. 4, 5, and 6."

As to the first reason for a new trial, we need only say that the evidence is somewhat conflicting, but we have read and carefully considered it all, and we think that it reasonably and fully sustains the verdict.

As to the second reason for a new trial, we are unable to see why " the verdict is contrary to law."

As to the third reason for a new trial, this court has often and repeatedly held that it is too vague, uncertain, and indefinite in not pointing out what evidence was improperly admitted or rejected. A different ruling would do great injustice to the court and opposite party, and a reference to a bill of exceptions not then made or filed can not cure the defect.

As to the fourth reason for a new trial, the only objection urged by the counsel for the appellant is to the fourth instruction, which is as follows :

"If Meek made an examination of the wheat for himself, he can not recover in this action, unless the defendant warranted the wheat to be of a certain kind or quality, and the wheat failed to comply with the terms of the warranty."

The giving of this instruction was error. It left the jury to believe that if Meek had made but a slight or casual examination of the wheat, and although he might have relied on the false and fraudulent representations of Keene, and not on his own judgment formed on such examination, yet he

could not recover for the fraud. This is not the law. He must have relied on his own judgment, and not on the false representations, to prevent him from recovering on them.

The judgment is reversed, at the costs of the appellee, with instructions to grant a new trial.