PHILLIPS ET AL. *v.* PAYNTER.

From the Washington Common Pleas.

*T. L. Collins* and *A. B. Collins,* for appellants.

*A. B. Carlton,* for appellee.

DOWNEY, J.—This was an action by the appellee against the appellants, and there was judgment for the plaintiff. The questions presented are:

1. As to the correctness of the action of the court in overruling a demurrer to the amended complaint; and,

2. Sustaining a demurrer to the second paragraph of the answer and cross complaint.

An amended complaint is set out in the record, which was filed, as the record shows, on the 13th day of April, 1871. To this a demurrer was filed and sustained on the 14th day of April, 1871, and, by leave of the court, an amended complaint was filed, which is not set out. On the 17th day of August, 1871, another amended complaint was filed, which is not contained in the record.

Under these circumstances, we must regard the complaint set out in the record as having been superseded by the amended complaint subsequently filed, and as the last amended complaint, which superseded both the others, is not in the record, we cannot decide anything with reference to it. *Toliver* v. *Moody,* 39 Ind. 148.

The demurrer to the last amended complaint is not set out in the record. We ought to presume that it was rightfully overruled, even if the complaint, at which it was aimed, was in the record. *Burdge* v. *Lewis,* 43 Ind. 349; *Crowell* v. *The City of Peru,* 41 Ind. 308.

The answer filed to the last amended complaint, and referred to in the assignment of errors, is not in the record, and, according to the clerk's certificate to the transcript, is not certified as a part of the record. For this reason, we can decide nothing as to its sufficiency or insufficiency.

And again, without knowing what was in the complaint to which the answer was addressed, we could not determine any-thing as to the validity of the answer.

The judgment is affirmed, with costs.