Hull v. Miller.

---

D. H. HULL, PLAINTIFF IN ERROR, v. P. B. MILLER, DEFENDANT IN ERROR.

1. **Practice:** MOTION FOR NEW TRIAL. In an action at law, in order to obtain a review of the case in the supreme court, the party aggrieved must have presented to the court below, by motion for a new trial, his objections to the judgment or order of the court, and have obtained a ruling thereon.

THIS was a motion for a rehearing of the case reported in 4 Neb., 503.

*George P. Uhl*, for the motion.

MAXWELL, J.

This is an action at law. The journal entry shows that " D. H. Hull, by his attorney, excepts to the rendering of judgment against section thirty-six, town two, range fifteen." An undertaking was then filed and the cause brought into this court by petition in error. No motion was made in the court below for a new trial, nor any attempt made in that court, so far as the record discloses, to obtain a rehearing or modification of the judgment. The case of *Gibson v. Arnold*, 5 Neb., 187, arose under the same statute as the case at bar, and it was held that the plaintiff having failed to take the necessary steps in the court below by filing a motion to obtain a vacation or modification of the judgment, could not be heard in this court. The leading case in this state on that question, *The Midland Pacific Railway v. McCartney*, 1 Neb., 398, has been followed, and the doctrine laid down therein adhered to, whenever the question has been raised. As no motion for a new trial was made in the court below, the motion for a rehearing must be denied.

MOTION DENIED.