Lynam v. McMillan.

CHRISTOPHER LYNAM ET AL., PLAINTIFFS IN ERROR, V. JOHN McMILLAN, DEFENDANT IN ERROR.

| 8 | 135 |
|---|---|
| 8 | 141 |
| 8 | 144 |
| 8 | 135 |
| 38 | 67 |
| 8 | 135 |
| 40 | 63 |
| 40 | 189 |
| 40 | 515 |
| 8 | 135 |
| 43 | 734 |

1. **Practice:** ASSIGNMENT OF ERROR. An assignment of error in these words, "Because the court erred in admitting testimony in said case upon the trial of the same offered by the plaintiff," or "Because the court erred in rejecting evidence offered by the defendants upon the trial of the cause," is too indefinite to be considered.

2. ———: ASSIGNMENT IN MOTION FOR NEW TRIAL. To lay the foundation for a review by the supreme court of questions raised and decided on the trial in the court below, it is necessary that the particular errors relied on be first assigned in the motion for a new trial.

ERROR from Saunders county district court. It was an action brought by McMillan against Lynam and Miley, for malicious prosecution, in causing said McMillan to be arrested upon a warrant issued by a justice of the peace, charging him with the crime of bur-

glary.    There was a trial by a jury' and verdict in McMillan's favor for $275.    Motion for a new trial overruled.    Exceptions.    Cause brought up upon petition in error.    Further facts appear in the opinion.

*M. H. Sessions*, for plaintiff in error.

*Chapman & Sprague*, for defendant in error.

LAKE, J.

The purport of the first two errors is that the verdict was not warranted by the evidence and the law of the case.    From a very careful examination of the record, however, I am entirely satisfied that the conclusion reached by the jury was right and should be upheld.

By the testimony of the plaintiffs themselves, especially that given by Lynam, it is evident that they had no reason to, nor did they believe that, in forcing his way into the store-room, McMillan had any criminal design.    Indeed, when what he did in this regard is taken together with all the attendant circumstances, with the manner in which Lynam obtained possession of the room, the removal of the lock of which McMillan had the key, and supplying its place with another, it is evident that they anticipated an attempt would be made by him to regain the possession of which he had been illegally deprived.    It seems quite plain that the criminal prosecution was resorted to as a means to coerce McMillan to submit to a deprivation of his property against his will.

It is conceded that by the agreement of sale, as a part of the consideration for McMillan's interest in the goods, Lynam and his associate were to pay him two hundred dollars in money.    But when the contract was signed and the money should have been paid, Lynam tendered him only seventy-five dollars in money, and

for the residue a paper pertaining in some way, but just how is not clear, to two judgments against McMillan which Lynam had that day purchased, or in some way got control of. McMillan at once, and very decidedly, refused to accept this tender, and demanded the $200 in money, which not being produced, he declared his refusal to deliver possession of the goods, or of the keys to the store-room, which he then had, and called upon persons present to witness that he did so refuse.

It is further shown that notwithstanding this failure to complete the purchase, Lynam very shortly afterwards, and during the same evening, by the aid of Miley, obtained a forcible and unlawful possession of the store, where they were at the time of the alleged burglarious entry by McMillan. It is very clear that in endeavoring to enter the store McMillan was lawfully engaged, and it is equally clear that the plaintiffs in error knew this to be so when they caused him to be arrested and prosecuted for a felonious offense.

Pursuing the order observed by counsel in his brief, the next objections to be noticed are those relating to the admission and the rejection of testimony. The assignments of error on these points, following substantially the language used in the motion for a new trial, are: "6th. Because the court erred in admitting testimony in said case upon the trial of the same offered by the plaintiff to go to the jury, which said testimony was objected to by the defendants at the time of the introduction of the same, and the ruling of the court then and there excepted to." "7th. Because the court erred in rejecting evidence offered by the defendants upon the trial of the cause."

As assignments of error, either here or in a motion for a new trial, these are too indefinite. They do not apprise the court of the particular testimony concern-

ing which' the alleged errors occurred. The rule of practice heretofore announced by this court requires a specific designation of the particular errors relied on to be made in the motion for a new trial. *Midland Pacific R. R. Co. v. McCartney*, 1 Neb., 398. *Mills v. Miller*, 2 Neb., 299. *Cropsey v. Wiggenhorn*, 3 Neb., 108. *Hull v. Miller*, 6 Neb., 128. Unless this requirement is observed no foundation is laid for a review of questions raised and decided on the trial below.

The supreme court of Indiana, under a code of procedure quite like our own on the subject of new trials, have very frequently passed upon this precise question.

In *Meek v. Keene*, 47 Ind., 77, one of the grounds assigned in the motion for a new trial was: "That the court erred in the ruling on the admission and rejection of evidence at the trial of said cause; which rulings were at the time excepted to by plaintiff." This was held to be "too vague, uncertain, and indefinite, in not pointing out what evidence was improperly admitted or rejected." To the same effect are a large number of cases decided by that court, among which are *Rogers v. Rogers et ux*, 46 Ind., 1. *Tucker v. Call*, 45 Ind., 31. *Musselman v. Musselman*, 44 Ind., 106. *Burdge v. Lewis*, 43 Ind., 349.

The only remaining errors complained of relate either to the instructions given to the jury, or to those requested and refused. And here we find the same indefinite mode of assignment practiced. The petition in error, following the language of the motion for a new trial, alleges: "3d. Because the court erred in giving the instructions to the jury asked for by the plaintiff upon the trial of said cause, which were excepted to by the defendants at the time of giving the same." "4th. Because the court erred in giving instructions to the jury upon its own motion upon the trial of said cause, which said instructions so given

were excepted to at the time of giving the same."
"5th. Because the court erred in refusing to give
instructions to the jury upon the trial of said cause
asked for by the defendants, which said refusal to give
said instructions was excepted to at the time of said
refusal."

In *Horn et al v. Williams*, 23 Ind., 37, the assignments
in the motion for a new trial were: "1st. The court
erred in giving over the defendant's objection, and
exception, the charges to the jury." "2d. The court
erred in refusing to give charges moved by the defend-
ants." Of these the court said: "These causes have
also been assigned for error; but they are not availa-
ble for the reason that they do not point out with any
degree of certainty the specific errors relied on." See
also on this point, *Morley v. Noblett*, 42 Ind., 85. *Han
et al. v. Carroll*, 17 Id., 442. *Robinson v. Hadley*, 14 Id.,
417. *Barnard v. Graham*, Id., 322. *Nave v. Nave et
al.*, 12 Id., 1. And this is a wholesome rule of prac-
tice, and it is due to the trial court that it be strictly
enforced, especially where, as in this case, exceptions
are taken indiscriminately to all the instructions, even
when there was not a shadow of cause for complaint,
and even to such as were exceedingly favorable to the
plaintiffs in error.

Referring to the record we find that of the instruc-
tions not requested by the plaintiffs in error nine were
excepted to by them. But in their brief only a single
one, that on the question of probable cause, is now
claimed to have been erroneous. And this is the only
designation which we have of the one upon which reli-
ance has at any time been placed either here or in the
court below. But how can we know that this is the
instruction urged upon the attention of the court below
on the hearing of the motion for a new trial? As to
errors committed during the trial of a cause it is the

province of this court to review those only which are distinctly pointed out and brought to the attention of the court below in the motion for a new trial.

As to the several instructions refused, what we have just said is equally applicable. The errors relied on are first specified in the brief of counsel, when they ought to have been distinctly pointed out in the motion for a new trial, and again in the petition in error. It is a very easy task to do this under a practice which requires all instructions to be in writing, and numbered.

JUDGMENT AFFIRMED.