HENRY PARRISH, PLAINTIFF IN ERROR, V. THE STATE
OF NEBRASKA, DEFENDANT IN ERROR.

DISSENTING opinion in case reported, *ante* p. 405.

REESE, J.

I cannot adopt the conclusion of the majority of the
court in this case, and will, very briefly, give my reasons
for such dissent.

*First.* I do not believe the instruction complained of
was erroneous. It was clearly the province of the jury to
decide as to whether there were "explanatory circum-
stances proven," or not. It is not my purpose to enter
into an analysis of the testimony in the case, but will say
that, as I read it, it presents a case of the magnitude, at
least, of murder in the second degree. From the whole
record it seems to me that the killing of the young man,
Parker, was cruel and inhuman. His crime was that of
trying to induce a drunken father to leave town and go
home, and in trying to defend him from the attacks of a
number of persons, in whom plaintiff in error was one. All
the circumstances were before the jury. It was their prov-
ince to pass upon them. It was then proper for the jury,
if they found "from the evidence that Henry Parrish, the
defendant, did kill and slay Elmer E. Parker," which, by
their verdict, they did, and if there were no circumstances
proven of an explanatory nature to reduce the degree of
the crime, the presumption would be that it was murder in
the second degree. Under the evidence I think the in-
struction was correct.

*Second.* But my principal objection to this decision is
to the second point presented by the opinion of the ma-
jority. I have examined the motion for a new trial, pe-
tition in error, motion for a rehearing, and brief thereon,
as well as the brief of the plaintiff in error upon the final

submission of the case, and in no single instance do I find any objection to the verdict of the jury, nor do I find any language which, by any rule of construction or distortion, could be so construed as to present even a hint that the plaintiff in error was not fully and entirely satisfied with the form of the verdict.

I do not believe it is the province of the supreme court to dispose of causes upon proceedings in error upon any other questions than those presented for adjudication, except when the question of jurisdiction or human life is involved. I do not believe the judgment in this case was void. I believe the verdict did confer "power on the court to pass sentence on the accused," unless he objected to that verdict. He had the right to waive the objection if he wanted to, and when he has deliberately elected so to do I know of no authority to deprive him of that right.

In *Walrath v. The State*, 8 Neb., 88, Judge LAKE, in writing the opinion of the court, says: "The evident intention in requiring the motion for a new trial to be in writing was to fully apprise the judge to whom it might be addressed of the matters claimed to be erroneous, and on which the party complaining relies for a new trial. * * The proceeding (error) by which this is here is one of review only. Under it the only questions proper for our consideration are those that have been first ruled on in the court whose record is before us, and the record itself must show the questions to be such. The presumption is that no prejudicial error has been committed, and it is not too much, indeed good practice demands it, to require a party who complains of such errors to point them out so distinctly in his motion for a new trial as to advise the court of just what he relies on. The rule in this particular is the same as in civil cases."

In *Dodge v. The People*, 4 Neb., 228, the present Chief Justice MAXWELL, in writing the opinion of the court, says: "In this country the almost uniform practice has been to

extend to criminal cases, so far as the revision of verdicts is concerned, substantially the same principles which have been established in civil cases; and by statute in this state after a verdict of guilty a defendant may move for a new trial on any or all of the points therein set forth; and it is his duty in such a case to bring before the court, by his motion, all the reasons which are known to exist for setting aside the verdict and granting a new trial. There is no reason why the same rule in that respect should not apply in criminal as in civil cases."

This doctrine has been uniformly applied to civil cases by this court. We do not know of a single exception. See *M. P. R. R. Co. v. McCartney*, 1 Neb., 398. *Mills v. Miller*, 2 Id., 317. *Cropsey v. Wiggenhorn*, 3 Id., 117. *Wells, Fargo & Co. v. Preston*, 3 Id., 444. *Horbach v. Miller*, 4 Id., 43. *Singleton v. Boyle*, Id., 414. *Horacek v. Keebler*, 5 Id., 356. *Hosford v. Stone*, 6 Id., 381. *Stanton County v. Canfield*, 10 Id., 390. *Russell v. The State, ex rel. Armor*, 13 Id., 68.

It will be observed that in the case at bar the cause was submitted on the first hearing upon just such a record as the plaintiff in error saw proper to present. The cause was decided, and I think rightly, and the judgment of the lower court affirmed. Now, years afterward, when plaintiff in error and his counsel, who is the same as on the first hearing, have had time to fully decide what they desire, and have presented the question upon which they want the court to pass, but, as in every stage of the case, make no complaint as to the verdict, I think, in view of uniform holdings in this state, the case should be disposed of upon the questions presented and no others. I furthermore view with some solicitude this step in the direction of opening up old judgments, and especially upon questions which are not presented for decision by the record. If this custom were to prevail there is no telling where the end would be, for very many of the records of conviction are as imperfect as the one in this case.