### SINEX *v.* THE TOLEDO, LOGANSPORT AND BURLINGTON RAILROAD COMPANY and Another.

PARTIES.—FAILURE OF CONSIDERATION.—Suit by A against B upon a promissory note. C, upon his own application, and upon motion of B, was made a party defendant, and filed an answer alleging that the note was given by B to A solely for the accommodation of C, and for the balance of the price charged by A for making certain repairs upon a steam engine for C; that the materials used in such repairs were defective, and the work unskillfully done, and that such work and materials were worth no more than the money already paid; that C had no opportunity to examine such work and materials before, &c. B adopted the answer filed by C.

*Held,* that as C disputed the consideration of the note, B had a right to notify him to appear and defend the action.

*Held,* also, that as there was but one debt, there was no novation.

*Held,* also, that under the plea of an entire failure of consideration, the defendant was entitled to the benefit of such evidence as he could produce showing a partial want or failure of consideration.

*Held,* also, that if the court erred in making C a party defendant, the error was not available to the plaintiff, as he was not prejudiced.

APPEAL from the *Cass* Common Pleas.

Ray, C. J.—This was a suit upon a draft drawn by *Foster,* superintendent of the railroad company, upon the treasurer

of said company, for $587 50, in favor of the appellant.
There was a second paragraph for work and labor done.
To this paragraph no answer was filed.   One *Davis* was
permitted, over the objection of the appellant, upon his
own application, and on the motion of the railroad com-
pany, to make himself a party defendant to the suit.
He filed an answer to the first paragraph of the complaint,
admitting the execution of the draft by the railroad com-
pany, but alleging that it was made for his accommodation;
that in the summer of 1865, he was the owner of a certain
steam saw mill, situated in *Cass* county, *Indiana;* that the
engine and boiler belonging thereto being out of repair, he
took the same to the machine shop of the plaintiff to have
the work necessary to perfect them performed, and that the
plaintiff undertook to do all necessary work upon them in
a skillful and workmanlike manner, and for a fair and
reasonable compensation; that such repairs were completed
about the fourth day of *September*, 1865, and that the
charge made for the same, including materials used, was
the sum of $1,087 50; that being then unable to pay
the said sum, he procured the said railroad company,
for his accommodation, to settle said account, and the
said company thereupon paid to said plaintiff the sum
of $500, and executed and delivered the draft now sued
upon for the balance of said account; that in considera-
tion of the payment so made by said company, he, the
said *Davis*, executed to them his note for $1,000, secured
by mortgage, and paid in cash the sum of $87 50;
that the plaintiff had full knowledge of the agreement
between said railroad company and said defendant, *Davis*,
and that the draft was so executed for his accommodation;
that such settlement was made by *Foster*, the superinten-
dent of said company, and said plaintiff; that said boiler and
engine were then at the shop of the said plaintiff, at *Rich-
mond*, and the said defendant had no means of knowing
whether proper materials had been employed in the repairs,
and whether the work was skillfully done, and he avers that

the work upon the same was not done in a skillful and workmanlike manner, and the materials used were defective, and that materials charged for were not used, and that the work was not worth over the sum of $500, already paid. The railroad company also adopted this answer. A demurrer was filed by the plaintiff to the answer of the railroad company, and of *Davis*, which demurrers the court overruled. On the trial, the court gave the opening and close to the defendants, and a judgment was obtained by the plaintiff for $104. Upon the overruling of a motion made by the plaintiff for a new trial, he brings this appeal

The appellant insists that the demurrers should have been sustained to the answer of *Davis*, and to the answer of the railroad company. We think the answer of the railroad company shows that, with the knowledge of the plaintiff, the company had, for the accommodation of *Davis*, and upon his furnishing them security, assumed to pay the debt owing by *Davis* to the plaintiff. The amount of the debt was determined by a bill for materials alleged to have been furnished and work done, which was presented by the plaintiff, and, without any opportunity being given to *Davis* to examine the correctness of the charges, the money was paid in part, and the draft given for the remainder of the amount. As *Davis*, upon receiving the engine and boiler, disputed the correctness of the account, the railroad company had the right to notify him to appear, and in their name to defend the suit. This is not a case of novation. There was but one indebtedness involved. The railroad company was not indebted to *Davis*, nor was the plaintiff so indebted to the railroad company. The answer of *Davis*, as adopted by the railroad company, presented a defense to the suit upon the draft. Under a plea of an entire failure or want of consideration, where the facts are set out which it is alleged show such failure or want of consideration, evidence is admissible tending to sustain the plea, and the pleader is entitled to the benefit of the proof, although he may not make out an entire failure or an entire want of consideration.

If the court improperly permitted *Davis* to be made a party defendant, the error cannot avail the appellant, for he has secured a judgment against him as well as against the railroad company, upon the issue presented by the company. The company appeared, and, as a matter of record, adopted the answer of *Davis.* It was their answer, whether *Davis* was properly in court or not.

The appellant objects that there was a trial without an issue under the second paragraph of the complaint. That paragraph was the common count for work and labor, and under it the appellant was entitled, no answer having been filed, to make his proof of damages and take his judgment. Upon the issue formed under the first paragraph of the complaint, the appellees were clearly entitled to the opening and close before the jury.

The judgment is affirmed, at appellant's cost.

*D. D. Pratt* and *D. P. Baldwin,* for appellant.

*T. C. Annabal,* for appellees.