## NUDD ET AL. *v.* HOLLOWAY.

PRACTICE.—*Bill of Exceptions.*—If a party seeks to take advantage of a ruling in admitting, refusing to admit, or striking out, or refusing to strike out evidence, the evidence concerning which the ruling has been made must be presented in the record.

From the Henry Circuit Court.

*G. A. Johnson,* for appellants.

*J. Brown* and *R. L. Polk,* for appellee.

PETTIT, J.—This suit was brought by the appellants against the appellee, on two promissory notes not made payable to the plaintiffs, but which had been legally transferred to them by one Warren, who had been legal holder and owner of them, and who, some years before, had been the partner in business of Holloway, the defendant. The only paragraph of the answer that need be noticed is that of set-off, which was pleaded for debts and liabilities of Warren, while he was the owner of the notes, to the defendant, Holloway. Proper reply to the answer, trial by jury, verdict for defendant. Motion by plaintiffs for new trial overruled, exception taken, and judgment on the verdict. The bill of exceptions shows the following state of facts, which present the only question before us, the evidence not being in the record, and no question being raised on the pleadings.

"Be it remembered that on the trial of this cause, the defendant, to sustain the issue made by his answers, introduced in evidence certain partnership books, papers, and accounts between Lewin Warren and said defendant, formerly firm of Holloway & Warren, and the cross-examination of said defendant, Holloway, tended to show that the foregoing were not all the partnership books, papers, and accounts existing between said Holloway and Warren; and thereupon it was admitted by counsel on both sides that a certain agreement had been executed between them dispensing with a bill of particulars of defendant's claims set up in his answer, on certain conditions.

" 'Nudd and Myers *v.* Holloway. It is agreed by and between the parties in this case that a bill of particulars is waived, and all matters are to be given in evidence by the defendant as if he had a proper bill of particulars filed under any and all of his pleadings, on condition that the partnership books, accounts, and papers now in possession of the defendant are to be delivered to T. B. Redding, one of the plaintiffs' attorneys, by the leaving of the four o'clock train from this place to Cambridge City, on the evening of the 14th inst., in time to forward them by said train to G. A. Johnson.'

" And thereupon plaintiffs move the court to exclude from the jury and strike out from the evidence which had been introduced so many of the partnership books, papers, and accounts as had been introduced in evidence by the defendant, on the ground that the evidence showed on cross-examination of said Holloway, that there were other partnership books, papers, and accounts, and the agreement contemplated that all the books, papers, and accounts existing between the said partners should be delivered over to plaintiffs' attorney, in consideration of plaintiffs' dispensing with the filing of a bill of particulars by defendant of the claims set up in his answer, but the court overruled said motion and refused to strike out said evidence, to which ruling the plaintiffs then and there excepted."

The agreement was to deliver the partnership books, accounts, and papers *then* ("now") in the possession of the defendant, and there is no showing that he did not comply with this agreement. The books, etc., which were discovered on cross-examination of the defendant may not have been in his possession at the time the agreement was made. Nor is it shown that their contents in the least referred to or affected the rights of any party in this suit. But the books, papers, etc., which were given in evidence, nor those which it seems were discovered to exist on cross-examination of the defendant, nor any part of their contents, are before us in the record. We cannot, therefore, see or say

that those given or not given in evidence did or would have injured or benefited either party.

Hence we cannot say that either sustaining or overruling the motion to strike out was or would have been error. If a party seeks to take advantage of the ruling of the court below in admitting, refusing to admit, striking out, or refusing to strike out evidence, the evidence admitted, refused to be admitted, stricken out, or refused to be stricken out, must be presented to this court in the record, that we may be able to see that injury was done by the action of the court in its ruling.

The judgment is affirmed, at the costs of the appellants.