## WATT, GUARDIAN, *v.* DE HAVEN.

NEW TRIAL.—*Motion For.*—*Evidence Excluded.*—Where the cause relied upon as ground of a motion for a new trial of a cause is the improper exclusion of evidence offered on the trial of such cause, such motion must specify particularly the evidence so excluded.

SUPREME COURT.—*Practice.*—*Weight of Evidence.*—The Supreme Court, on appeal, will not disturb the finding of the lower court, on the mere weight of the evidence, even where the preponderance thereof seems to be against the finding.

From the Fayette Circuit Court.

*W. Morrow, N. Trusler* and *J. S. Reid*, for appellant

*J. C. McIntosh* and *B. F. Claypool*, for appellee.

HOWK, J.—Isaac De Haven, as plaintiff, sued the appellee, as defendant, in the court below, to recover the amount of certain notes, and to foreclose a certain mortgage, given to secure the payment of said notes, all executed by said appellee, to said Isaac De Haven. Before any proceedings were had in the case, in the court below, the said Isaac De Haven, in a proper proceeding for that purpose, in the court below, was duly declared a person of unsound mind and incapable of managing his own estate, and the appellant was duly appointed and qualified as his guardian, and filed his supplemental complaint in this action, setting forth the foregoing facts.

Watt, Guardian, *v.* De Haven.

Appellee answered the appellant's complaint, in three paragraphs, as follows:

1st. A general denial;

2d. That the notes described in the complaint, and each of them, were executed without any consideration whatever; and,

3d. That, before the commencement of this action, the appellee fully paid the notes, and each of them, described in the complaint.

To the second and third paragraphs of appellee's answer, the appellant replied by a general denial.

And the action, being at issue, was tried by the court below, without a jury; and the court found for the appellee. And upon written causes filed, the appellant moved the court below for a new trial; which motion was overruled by the court, and to this decision the appellant excepted, and judgment was rendered upon the finding, in favor of appellee and against the appellant, from which this appeal is now here prosecuted.

The only error assigned by the appellant, on the record of this action, is the overruling of his motion for a new trial. In his motion for such new trial, the appellant assigned the following causes therefor, to wit:

"1st. That the finding of the court below was not sustained by sufficient evidence;

"2d. That the finding of the court below was contrary to law; and,

"3d. That the court below erred, in ruling out evidence offered by the appellant, on the trial of said cause, the same being competent and relative to the issues of said cause."

By the settled law of this State, the third alleged cause for a new trial was too vague, uncertain and indefinite, in this, that it failed to point out what evidence it was, that the court below erroneously ruled out or excluded. The motion for a new trial must particularize the evidence

improperly excluded, or the court below need not, and this court will not, consider the alleged error. *Meek* v. *Keene,* 47 Ind. 77; *Bowman* v. *Phillips,* 47 Ind. 341.

The other causes, assigned in the motion for a new trial, present for our consideration the pure and simple question, whether the finding of the court below was sustained by sufficient evidence. We think that the evidence in the record was amply sufficient to sustain the finding of the court below; but, if we thought otherwise, we would not, under the well established practice of this court, disturb the finding on the mere weight of the evidence.

The judgment of the court below is affirmed, at the appellant's costs.