## JORDAN ET AL. *v.* D'HEUR.

### No. 7007.

PROMISSORY NOTE.—*Principal and Surety.—Agreement for Extension of Time.—Proof of.—Complaint, Allegations of.—Inchoate Interest of Married Woman.—Reply. - Practice.—Argumentative Denial.—Harmless Error.— Demurrer.—Sufficiency of Evidence to Sustain Finding.*—Suit upon a promissory note, and to foreclose a mortgage given to secure the same, against the makers thereof  The wife of A , one of the makers, having died before suit, her heirs were made parties to answer as to their interest in the mortgaged lands, she having joined in the execution of the mortgage. Answer by A. of suretyship and an extension of time by agreement between the payee and principal, for a consideration, without his knowledge or consent.  Reply alleging written consent and agreement of A. for said extension, endorsed on note filed with complaint.  Answer by such minor heirs, that A., their father, signed such note as surety; that their mother died seized of one-third of the lands described in such mortgage, and that after her death an agreement for an extension of time for the payment of such note was made between the payee and principal thereof, without the consent of A., their father.

*Held,* that it was not necessary for the plaintiff to prove that such heirs claimed any interest in such lands.

*Held,* also, that, to sustain such heirs' answer, it must be proved that the wife of A. died seized of such real estate, or had some interest therein besides her inchoate right as such wife, which right, not having been perfected by survivorship, ceased at her death.

*Held,* also, that it was sufficient for such complaint to show, as against such heirs, a right to subject such land to sale to pay such note.

*Held,* also, that said reply sufficiently showed the consent of A. to the agreement at the time the extension was given.

*Held,* also, that such reply amounted only to an argumentative denial, and it was harmless error either to sustain or overrule a demurrer thereto, as the facts alleged therein could have been given under the general denial also pleaded.

*Held,* also, that the written agreement signed by A., endorsed on such note, consenting to an extension of the time for the payment thereof, was sufficient evidence to support the finding of the court that such consent was given at the date of such agreement, and the fact that other testimony may have tended to show that such endorsement was made at a different time does not warrant the Supreme Court in overturning such finding

PRACTICE.—*Exclusion of Evidence.—Supreme Court —*Where an exception is taken to the exclusion of a question asked a witness, it is necessary to

state to the court, at the time the objection is made, what is proposed to be proved by such witness, to render such exclusion available error on appea. to the Supreme Court.

From the Shelby Circuit Court.

*J. B. McFadden* and *J. W. Tomlinson,* for appellants.

*L. J. Hackney,* for appellee.

BIDDLE, J.—Complaint by the appellee on a promissory note, dated October 19th, 1874, for sixteen hundred dollars, due twelve months after date, payable to the appellee at the First National Bank of Shelbyville, with interest at the rate of ten per cent., without relief, etc.

The note is signed by Joseph I. Jones, Richard Jones, Alfred Jordan and Martha Jones.

The following written agreements were endorsed on the back of the note :

" We hereby agree and consent to an extension of twelve months on within note.

" SHELBYVILLE, Ind., October 19th, 1875.

(Signed,)                          " RICHARD JONES,
                                              her
                                   " MARTHA x JONES,
                                              mark.
                                   " ALFRED JORDAN."

" We hereby agree to an extension on within note of twelve months.

" SHELBYVILLE, October 19th, 1876.

(Signed,)                          " RICHARD JONES,
                                   " ALFRED JORDAN.

" Interest paid until October 19th, 1877."

The makers of the note, at even date therewith, executed a mortgage on certain lands, described, to secure the note. Jane A. Jordan, wife of Alfred Jordan, joined in the mortgage.   Jane having died before suit, her heirs at law, and several other persons, who, as it is averred, claimed to have some interest in the mortgaged premises, were made

defendants. All the defendants, except Alfred Jordan and the heirs of Jane A. Jordan, made default. Alfred Jordan answered, and the heirs of Jane A. Jordan, who were minors, answered by guardian *ad litem.*

Alfred Jordan answered:

1. A denial;

2. A special paragraph, in substance, that he is surety on the note; that the plaintiff, on the 19th day of October, 1875, for a valuable consideration, agreed with Joseph I. Jones and Richard Jones, to extend the time of payment of the note, from October 19th, 1875, for twelve months next after the maturity of the note; that the said Joneses paid the consideration therefor, and the plaintiff extended the time of payment of the note for twelve months, according to the agreement, without the knowledge or consent of the defendant,—all of which is particularly averred.

To this second paragraph of answer, the plaintiff replied:

1. A denial;

2. Setting up the agreements endorsed upon the notes, by which the defendant agreed to said extension of time.

A demurrer to this paragraph of reply, for want of facts, was overruled.

The minor heirs of Jane A. Jordan answered by their guardian *ad litem:*

1. Denial;

2. That Alfred Jordan, their father, signed the note as surety; that Jane A. Jordan, their mother, died seized of one-third of the land mortgaged; that after her death the plaintiff agreed with the principals in the note, for a valuable consideration, to extend the time of payment of the note from the 19th day of October, 1875, for twelve months, without the consent of their father, Alfred Jordan; all of which is more particularly alleged than here stated.

A demurrer to this paragraph, for want of facts, was overruled.

Reply, general denial; trial by the court; finding for the plaintiff; motion by Alfred Jordan for a new trial overruled; motion by the guardian *ad litem* for a new trial overruled; motion in arrest of judgment by the guardian overruled; judgment; appeal.

Assignments of error:

1.   Overruling motion of guardian for a new trial;

2.   Overruling motion for a new trial by Alfred Jordan;

3.   Overruling motion in arrest of judgment; and,

4.   Overruling demurrer to the second paragraph of reply to the second paragraph of answer by Alfred Jordan.

The appellant's counsel discuss the following points in their brief:

1.   That the evidence " wholly failed to show that the said infant defendants, or either of them, had ever claimed to have any interest whatever in the lands described in the mortgage in suit, which proof, we submit, was indispensable to the plaintiff's right to recover against them."

The counsel have made a long argument in support of the affirmative of this proposition, but we confess that we are unable to see its force.   They cite many authorities to show us, that, when the complaint is denied, the plaintiff must prove all the averments necessary to his recovery, or he will fail.   No one would dispute this proposition; but there are averments necessary to be made in a complaint, which are not necessary to be proved by the plaintiff.   It was necessary in this case that the plaintiff should aver that the note sued on was not paid; but it was not necessary that he should prove it.   If the note had been paid, it was for the defendants to allege payment, and prove it, if they relied on payment as a defence.   So it was necessary to make the heirs of Jane A. Jordan defendants, if they claimed any right in the property mortgaged; not that

the plaintiff was bound to prove that the heirs had made such a claim, but to give them the opportunity to make it and prove it, if they had any, or be barred as against the mortgage made by their ancestor. When the plaintiff introduced the note and mortgage sued on, he had proved his claim to the land as mortgagee against the ancestors of the minor defendants, and thus made out his case against their heirs, unless they alleged and proved a claim to it superior to the mortgage.

2. It is insisted on behalf of the minor heirs of Jane A. Jordan, that they fully proved the facts alleged in the second paragraph of their answer.

We do not see the evidence in that light. The material allegations in that paragraph of answer were, that they are the heirs of Jane A. Jordan; that she died seized of the lands; that the plaintiff had extended the time of payment of the note, by agreement with the principals, upon sufficient consideration, without the consent of Alfred Jordan, the surety on the note. That they were the heirs of Jane A. Jordan was admitted; but there was no evidence offered tending to show that she died seized of the land, or had any interest therein, except her inchoate right as the wife of Alfred Jordan, which was not perfected by survivorship, but ceased at her death. It was proved that the plaintiff extended the time of payment of the note, by agreement, upon a valuable consideration, with the principals; and just as clearly proved that such extension of time was given by the written consent of Alfred Jordan as surety. We can not see that the evidence proves the answer of the minor heirs of Jane A. Jordan, by their guardian *ad litem.*

3. That the court erred in overruling the motion of the minor heirs in arrest of judgment, is insisted upon with great earnestness, upon the ground that the complaint shows no right of recovery against them. Cer-

tainly, the complaint does not show a right to recover a personal judgment against the minor heirs, but it shows a right to subject the lands of their ancestors, described in the mortgage, to sale to pay the note sued on. It was not necessary that the complaint should show a right to recover a personal judgment against the minors; if it is sufficient to put them upon their answer —and it certainly is, if they have any claim to the lands mortgaged—it is sufficient to resist either a demurrer or a motion in arrest of judgment. If they had no interest in the land, they could have disclaimed and saved costs; but, by their guardian, they answered, claiming title to the land, and failed to prove it. There is no ground for the arrest of judgment.

4. The next proposition discussed by the appellants' counsel is the alleged error in overruling the demurrer to the second paragraph of reply to the second paragraph of the answer of Alfred Jordan.

The objection made to this paragraph is, that it " failed to allege that the appellant's consent to the extension had been obtained, at the time the said extension was given." We think the appellant is mistaken in the purport of this reply. It appears to us that it does clearly show, both by the averments and the exhibit, that the agreement set up was made on the 19th day of October, 1875, to extend the time "for one year," to wit, until October 19th, 1876. Besides, the reply amounted to no more than an argumentative denial. The answer to which it was pleaded set up the extension of time as a defence to the note. It was not necessary that the reply should contain any affirmative matter. It was for the appellant Jordan to prove his answer, or fail in his defence, as the general denial of the answer had already been pleaded. The demurrer was rightly overruled; but, if it had been sustained, the error would have been harmless, because the same matter could have been given in evidence under the reply of general denial.

5. The next proposition of the appellants is, that the second paragraph of Alfred Jordan's answer "was clearly established by the evidence in the cause."

The averments in this paragraph are essentially the same as those in the second paragraph of answer pleaded by the minor heirs of Jane A. Jordan, except as to the title of the land described in the mortgage, and their proof rests upon the same evidence. That Alfred Jordan consented to the extension of time for the payment, is proved by the writing which he signed; but it is insisted, that the consent was not given simultaneously with the agreement to extend the time of payment. The only evidence upon this point is the evidence of the two Joneses, that Alfred Jordan was not present at the time they made the agreement with the plaintiff. This does not contradict the writing signed by Jordan. It no more tends to prove that the consent of Jordan was given after the agreement was made, than it does to prove that it was given before. Nor are we deciding that such consent given after the agreement was made, or before, would not be good. We find no evidence in the case that impairs the force of the written consent signed by Alfred Jordan, of even date with the agreement to extend the time of the payment of the note.

6. At the trial, the court asked the witness, Jordan, "if said consent was given at the time the said written consent bore date?"

To this question the plaintiff objected; the objection was sustained, and the defendants excepted. This question, though asked by the court, was adopted, and is insisted upon by the appellants, and may therefore be treated as their own question. But the ruling presents nothing for us to decide. To avail themselves of the benefits of this exception, the appellants should have stated to the court at the time what they proposed to prove by the witness,

that the court might have seen whether it was competent or not. As it is, it is impossible for us to see wherein the complaining party was injured by the ruling; and impossible for us to know whether the appellants would have been injured or benefited by the answer to the question. *The Toledo, etc., R. W. Co.* v. *Goddard*, 25 Ind. 185; *Curry* v. *Bratney*, 29 Ind. 195; *Nudd* v. *Holloway*, 43 Ind. 366; *The Baltimore, Pittsburgh and Chicago R. R. Co.* v. *Lansing*, 52 Ind. 229; *Watt* v. *DeHaven*, 55 Ind. 128; *Mitchell* v. *Chambers*, 55 Ind. 289; *Tedrowe* v. *Esher*, 56 Ind. 443; *Grant* v. *Westfall*, 57 Ind. 121.

7. The appellants still insist, in the conclusion of their brief, that the evidence does not support the finding in favor of the appellee, and does prove appellants' defence.

We have already stated wherein we thought it proved the case in favor of the appellee, and wherein it failed to prove the appellants' defence.

The judgment is affirmed, at the costs of the appellants.

### ON PETITION FOR A REHEARING.

WOODS, J.—It is insisted that a rehearing should be granted because in the original opinion, prepared by Judge BIDDLE, no reference was made to the testimony of Alfred Johnson, to the effect that he, Jordan, "was not present when the time for the payment of the note in suit was extended, and did not know it was going to be done."

It may be conceded that this part of the testimony was overlooked, and the opinion drawn on the theory that there was no testimony in the record on the subject, except that of the witnesses Jones, but we do not think that the consideration of this item of testimony could properly bring us to a different conclusion from that before reached. The written endorsement of consent to the extension, bearing even date, as it does, with the alleged and proven contract of extension, was evidence sufficient to support the

finding of the court, and the fact that the testimony of two, three or more witnesses may have tended to show that the endorsement was made at a different time from its date, does not warrant us in overturning a verdict so supported. Such written testimony, made over the signature of the parties and purporting to be made in the usual course of business, should not be allowed to fall easily before verbal statements resting on recollection merely, and where, as in this case, the trial court seems to have given more credence to the documentary than to the oral proofs, we have neither right nor inclination to disturb the finding.

We might add that the second paragraph of said Jordan's answer, under which alone the question made upon the evidence arises, is probably bad, for the reason that it professes to answer the whole complaint, while in fact it responds to only a part thereof. This answer, if the blanks therein were treated as filled, is good against so much of the complaint as seeks to hold said Jordan liable on the note in suit; but the action is also for a foreclosure of a mortgage which said Jordan joined the other makers of the note in executing, to secure the payment of said note, and no facts are set up in this answer which can be deemed to be a bar to a foreclosure of the mortgage against said Jordan as well as the other defendants. If, therefore, the court erred in weighing evidence admitted only in support of a bad answer, no harm was done.

Doubtless, the facts might be such that a discharge of said Jordan from liability on the note would work a discharge of the mortgage also, but no attempt is made here to show such a case. Neither the complaint nor answer discloses what interest any of the parties had in the mortgaged premises. That the makers of the note all had some interest, may be inferred from the fact of their hav-

ing joined in the execution of the mortgage, but further than this no certain or legal inference can be drawn.

The petition for a rehearing is overruled, with costs.