No. 9281.

## WRIGHT v. ABBOTT.

PRACTICE.—*Supreme Court.*— *Waiver.*—*Brief.*—A reason assigned as a cause for a new trial, but not discussed in appellant's brief, is considered waived.

SAME.—*Burden of Proof.*—*Open and Close.*—*Payment.*—A plea of payment to an action on account, where no admission of the plaintiff's cause of ac-

tion is made, does not entitle the defendant to open and close the evidence and argument upon the trial, the burden of the issue being upon the plaintiff.

SAME.—*Instruction.*—*New Trial.*—*Assignment of Error.*—An assignment of error based upon the overruling of a motion for a new trial, which motion assigned as a cause therefor, "that the court erred in refusing the instruction asked for by defendant," is too general to be considered by the Supreme Court.

SAME.—*Presumption.*—Where the instructions given are not in the record, the Supreme Court will presume that other instructions asked were properly refused.

From the Cass Circuit Court.

*W. Wright,* for appellant.

*M. D. Fansler,* for appellee.

FRANKLIN, C.—Appellee sued appellant before a justice of the peace, on an account for work and labor. Appellant filed an answer of payment. There was a trial and judgment before the justice of the peace in favor of appellee, for $46.87. On an appeal to the circuit court the cause was tried before a jury, and there was a verdict and judgment rendered in favor of appellee for $63.60.

The following errors have been assigned in this court:

1st. In refusing to grant to the defendant the right to open and close the testimony and the argument.

2d. In refusing to give instructions asked.

3d. In overruling the motion for a new trial.

The first error is not the subject of an assignment of errors, but should be stated as a reason in the motion for a new trial. The second error, in relation to instructions, is in the same condition.

The following are the reasons stated for a new trial:

" 1st. The verdict of the jury is contrary to the law and evidence in the case.

" 2d. The court erred in refusing the record in the case of *Williams* v. *Wright,* in superior court, to impeach the testimony of John and Elizabeth Williams on trial.

" 3d. The court erred in refusing the defendant the opening

and closing of the case before the jury on the plea of payment.

"4th. The court erred in refusing the instructions asked for by the defendant.

"5th. The court erred in suffering the plaintiff's counsel commenting to jury on cases before tried, and not in evidence, after defendant's objection.

"6th. The verdict of the jury is erroneous in damages."

The evidence was conflicting, but tended to support the verdict, and it was not, therefore, contrary to the evidence nor the law.

The second reason is not referred to by appellant in his brief, and is, therefore, waived. As to the third reason, the cause having originated before a justice of the peace, the answer of payment contained no admission of plaintiff's cause of action; and, without any evidence, the court would have been bound to find for the defendant. The burden of proof was, therefore, upon the plaintiff, and he had a right to open and close the testimony and argument in the trial of the cause. Sec. 324 of the Code; Judah v. Trustees of Vincennes University, 23 Ind. 272; Baltimore, etc., R. R. Co. v. McWhinney, 36 Ind. 436.

There was no error in refusing to grant the defendant leave to open and close the testimony and the argument of the cause.

The fourth reason is too general to require consideration, nor were the instructions asked signed by appellant or his counsel; and, as the instructions which were given are not in the record, we must presume that the court had sufficiently instructed the jury, and, without any reason being shown to the contrary, had properly rejected the instructions asked. Freeze v. DePuy, 57 Ind. 188; Coryell v. Stone, 62 Ind. 307; Stott v. Smith, 70 Ind. 298; Smith v. Kyler, 74 Ind. 575.

There was no error in refusing the instructions asked.

The fifth reason is not embraced in the record, by bill of exceptions or otherwise.

The sixth reason, that the verdict is erroneous in damages, is too general to present any question for decision.

There is no error in overruling the motion for a new trial. We find no error in this record.

The judgment ought to be affirmed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment below be and the same is in all things affirmed, with costs.

Opinion filed at the May term, 1882.

Petition for a rehearing overruled at the November term, 1882.