Hall, Administrator, *v.* Stanley.

---

No. 10,078.

HALL, ADMINISTRATOR, *v.* STANLEY.

EVIDENCE.—*Claim.*—*Decedents' Estates.*—In an action against an estate for
services rendered in boarding, caring for and waiting upon the decedent,
by a cripple who moved about upon his hands and knees, it is not error
to prove that he had been seen splitting rails, for the purpose of show-
ing his ability to render the services in dispute.

BILL OF EXCEPTIONS.—*Time of Filing.*—*Record.*—A bill of exceptions filed
after the term, without any statement in the record other than such as
is found in the bill, that time was given, is not a part of the record.

SUPREME COURT.—*Weight of Evidence.*—The Supreme Court will not dis-
turb a judgment upon the mere weight of the evidence.

From the Henry Circuit Court.

*J. Brown* and *W. A. Brown,* for appellant.

*J. H. Mellett* and *E. H. Bundy,* for appellee.

BEST, C.—The appellee filed a claim against the estate of
Thomas Stanley, deceased, to recover $2,400 for services alleged
to have been rendered by himself and wife in nursing, board-

ing, caring for and waiting upon the decedent from 1873 to 1881. After the claim was transferred to the issue docket, the appellant filed an answer of denial and a set-off, alleging that the appellee was indebted to the decedent in the sum of $1,500 for like services rendered by the decedent for the appellee during said time. The issues were tried by a jury, and a verdict of $800 returned for the appellee. A motion for a new trial was overruled and judgment was rendered upon the verdict.

The error assigned is that the court erred in overruling the motion for a new trial. This motion embraced many reasons, but only two of them are mentioned in the appellant's brief, and the others will not be noticed. The first reason mentioned is that the verdict was not sustained by sufficient evidence. Upon examination we find that there was evidence tending to support the verdict, and, under these circumstances, we can not disturb the judgment upon the mere weight of the evidence, as has often been decided by this court. *Butterfield* v. *Trittipo*, 67 Ind. 338, and authorities cited.

The next reason mentioned is that the court erred in permitting Lewis Myers to testify that he had seen the appellee splitting rails. The objection to this testimony was that it was irrelevant and immaterial, and that the appellee was not entitled to recover for such services in this action. The appellee was a cripple, compelled to move about upon his hands and knees, and this testimony was offered and admitted for the purpose of showing that he possessed the ability to render the services for which the claim was filed—the court informing the jury at the time that it was only admitted for such purpose. There was, we think, no error in the admission of this testimony, under the direction given. The appellee's physical disability would probably create the impression that he was unable to render a portion of the services for which he claimed compensation, and it was, therefore, proper to enlighten the jury upon this matter. If this fact did not create such impression the testimony was unnecessary and immaterial. If unnecessary it was harmless, and, under the direc-

tion of the court, could not injure the appellant. There was, therefore, no error in the admission of this testimony.

This much has been said upon the assumption that the evidence is in the record. The bill of exceptions embodying it was filed after the term, and there is no statement in the record that time was given within which to file the bill, other than such as is found in the bill itself. It has been held that this is not sufficient. *Nye* v. *Lewis*, 65 Ind. 326.

For these reasons we are of opinion that there is no error in the record, and the judgment should be affirmed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment be and it is hereby in all things affirmed, at the appellant's costs.