Arnold *et al. v.* Wilt.

———◆———

No. 10,181.

ARNOLD ET AL. *v.* WILT.

SUPREME COURT.—*Evidence.*—*Conflict.*—Where the evidence in a cause is in conflict, the Supreme Court must take as true that which the trial court by its finding declared to be true.

PROMISSORY NOTE.—*Want of Consideration.*—The defence of want of consideration for a note sued on is sustained by evidence that the thing given the defendant for his note was utterly worthless.

From the Blackford Circuit Court.

*W. H. Carroll,* for appellants.

*W. A. Bonham, A. Steele* and *R. T. St. John,* for appellee.

ELLIOTT, J.—This case comes to us upon the evidence.

There is a direct conflict, and, as the court by which the case was tried believed that adduced in behalf of the appellee, we must take it as truly exhibiting the facts of the case.   Where the evidence on one side is contradicted by that given on the other, we are to take as true that which the trial court, by its finding, declared to be true, and are not to enquire whether the court was right or wrong in its decision upon the question of what evidence was entitled to weight and credit.   We are not to review the testimony for the purpose of ascertaining whether the court ought to have acted upon the evidence adduced by the party against whom the finding was made, instead of upon that given by his adversary.

Our enquiry, therefore, is limited to the question, does the evidence given on behalf of the appellee sustain the finding? The evidence shows that the promissory note upon which the action is founded was executed to one J. F. Baldwin, and by him assigned to the appellants, the plaintiffs below; that Baldwin was the soliciting agent of an association known as the Queen Marriage Benefit Association, and that the note was executed to him as such agent; that the sole consideration for the note was two certificates in this benefit association; that it ceased business within a few days after the execution of the note, and that the certificates of shares therein were of no value.

This evidence fully establishes the defence of want of consideration, because it proves that the thing given the appellee for his note was utterly worthless.   The case is not that of one receiving some consideration and judging for himself of its adequacy, but that of one receiving a thing utterly destitute of value.   In short, there is a total absence of consideration.   *Mooklar* v. *Lewis*, 40 Ind. 1; *Dill* v. *O'Ferrell*, 45 Ind. 268; *Sinex* v. *Toledo, etc., R. R. Co.*, 27 Ind. 365.

It is said, however, that the appellants' assignor paid the money to the association, and that the note was, therefore, given to him for the money advanced, and was not executed for the certificates.   We think the court was fully warranted in inferring from the evidence that the pretence that the money

was advanced to the association was a mere subterfuge, and that no such advancement was made by Baldwin, and that the sole consideration of the note was the worthless certificates.

We need not examine the question whether the note was procured by fraud, nor need we enquire whether the marriage association had or had not a legal existence, for we are well satisfied that the finding of the court must be sustained upon the ground that there was no consideration whatever for the note sued on.

Judgment affirmed.