- The Louisville, New Albany and Chicago R. W. Co. v. Dunkin.

No. 10,631.

## THE LOUISVILLE, NEW ALBANY AND CHICAGO RAILWAY COMPANY v. DUNKIN.

From the Owen Circuit Court. •

*H. H. Friedley, G. W. Friedley* and *E. D. Pearson*, for appellant.
*J. R. Fritts* and *I. H. Fowler*, for appellee.

BICKNELL, C. C.—In this action the appellee claimed damages from the appellant for the loss of his right arm. The complaint alleged that the defendant's conductor wrongfully, wilfully and maliciously pushed the plaintiff off the platform of one of the defendant's cars while it was in motion, whereby the plaintiff was thrown under the car, and one of its wheels passed over his right arm and crushed it, so that it had to be cut off, to his damage $10,000.

The defendant answered by a general denial.

The issue was tried by a jury, who returned a verdict for the plaintiff for $500, and answered interrogatories as follows:

"1. Was the plaintiff drunk when he went upon the defendant's train? Answer. Yes.

"2. Did the plaintiff go upon the defendant's train for the purpose of taking passage, and if yea, where was he going? Ans. No.

"3. Did he attempt to get off the train when it was in motion? Ans. No.

"4. Was he thrown from or put off the defendant's train by the conductor thereof? Ans. Yes.

"5. Was he thrown or pushed from the defendant's train; if yea, by whom? Ans. Yes; by the conductor.

"6. Was the train boy, John D. Trimmer, an employee of the defendant at the time of the accident? Ans. No."

A motion by the defendant for a new trial was overruled, and a motion for judgment for the defendant upon the answers to the interrogatories was overruled. A motion in arrest of judgment was overruled. Judgment was rendered on the verdict. The defendant appealed.

There are several errors assigned, but only one of them is discussed in the appellant's brief, namely, overruling the motion for a new trial. And only one of the reasons alleged for a new trial is discussed in the appellant's brief, namely, that the verdict is not sustained by sufficient evidence.

Upon this the appellant's counsel say: "While we know the rule of this court is that it will not disturb the verdict of a jury if the evidence tends to sustain it, yet there is so little evidence to support the verdict that we feel it our duty, even against precedents established, to insist," etc. .

The plaintiff's statement as a witness, if believed, proved his case, and he was supported by the testimony of a witness, who swore that he saw a man have hold of one of plaintiff's arms and push him off the car and kick at him as he went off. Another witness swore: "The train passed me and I looked, and plaintiff fell off the train, and I saw the foot of some one follow out after him, like kicking him." There was other testimony tending to show that there was nobody on the platform with the plaintiff when he left the train except the conductor. The plaintiff's testimony, if believed by the jury, strongly tended to sustain the verdict. In such a case the verdict can not be disturbed because of conflicting testimony. *Hall* v. *Stanley,* 86 Ind. 219; *Lake Erie, etc., R. W. Co.* v. *Everett,* 86 Ind. 229; *Arnold* v. *Will,* 86 Ind. 367; *State, ex rel.,* v. *Wylie,* 86 Ind. 396.

Assignments of error not discussed by counsel are waived. *Byram* v. *Galbraith*, 75 Ind. 134. Reasons alleged for a new trial, but not discussed in appellant's brief, are waived. *Wright* v. *Abbott*, 85 Ind. 154.

The judgment ought to be affirmed.

PER CURIAM.—It is therefore ordered, on the foregoing opinion, that the judgment of the court below be and the same is hereby in all things affirmed, at the costs of the appellant.

Filed Dec. 15, 1883.