Cain *et al. v.* Goda.

---

No. 11,415.

CAIN ET AL. *v.* GODA.

PRACTICE.—*Supreme Court.*—*Assignment of Error.*—One of two co-parties may alone assign error after notice of his appeal, a joinder in error and a written agreement of submission filed by the parties.

SAME.—*New Trial.*—*Evidence.*—A reason for a new trial, on account of the admission of evidence, must specify what the evidence was; a reference to a bill of exceptions not then made or filed is not sufficient.

SAME.—*Harmless Error.*—The Supreme Court will not reverse a judgment on account of the admission of immaterial evidence.

From the Pulaski Circuit Court.

*G. Burson* and —— *Mattingly,* for appellants.

*N. L. Agnew,* for appellee.

BICKNELL, C. C.—The appellee recovered a judgment against all the appellants for damages for an assault and battery. Christopher Cain, Sr., appealed, and caused notice of the appeal to be served upon his co-defendants; he then assigned errors in his own name alone, and after joinder in error the cause was submitted on the written agreement of the parties. In such a case, the errors are well enough assigned in the name of Christopher Cain, Sr. *Ridenour* v. *Beekman,* 68 Ind. 236.

The error assigned is the overruling of the said Christopher Cain's motion for a new trial. The reasons for a new trial are:

1. That the court, over the objection of said Cain, Sr.,

permitted the plaintiff to prove the value of said defendant's property.

2. That the finding of the court is not sustained by sufficient evidence.

3. That the finding of the court is contrary to the evidence and contrary to the law.

The motion for a new trial does not state what the evidence was, nor what objection was made to it, nor whether the value stated was large or small. The motion was made on the 5th of October, but no bill of exceptions was made part of the motion, or referred to therein. On the 6th of October the following bill of exceptions was filed: "Be it remembered, that upon the trial of this cause the defendant introduced one William Cain as a witness, who testified on the part of the defendant as to admissions made by the plaintiff, as to who had inflicted the injury upon him, and that said witness testified to no further facts. That the court thereupon, and upon the cross-examination of said witness by the plaintiff, permitted said witness to testify as to the value of the personal and real property of the defendant Christopher Cain, Sr., over the objections of the defendant. To which ruling of the court the defendant then and there at the time excepted." This bill of exceptions does not specify what the evidence was, nor what the objection to it was. This court has repeatedly held that a reason for a new trial on account of the admission of evidence must specify what the evidence was, and that if the motion be insufficient in this respect, a reference therein to a bill of exceptions not then made or filed will not cure the defect. *Meek* v. *Keene*, 47 Ind. 77; *Bowman* v. *Phillips*, 47 Ind. 341; *Watt* v. *De Haven*, 55 Ind. 128; *Coryell* v. *Stone*, 62 Ind. 307.

In the present case there is a general bill of exceptions, which shows that the witness William Cain did not testify as to the value of any property. The bill states as follows: "Cross-examined, William Cain testified. Question. Has your father a farm? Answer. Yes, 160 acres. Question.

Has he other proper property on the farm? Answer. Has stock and other property." There was no question as to value, and no answer as to value. If the admission of this testimony had been made a reason for a new trial in the proper form, and the objections thereto had been properly made, that it was not proper cross-examination, and was irrelevant and immaterial, even then an error in admitting such testimony would not warrant a new trial, because the fact that the defendant had a farm and personal property on it could not possibly affect the finding of the court. It was altogether immaterial. *City of Aurora* v. *Cobb*, 21 Ind. 492; *McDermitt* v. *Hubanks*, 25 Ind. 232; *Sparks* v. *Heritage*, 45 Ind. 66.

The first reason for a new trial can not be sustained.

As to the second and third reasons for a new trial, there was evidence tending to support the finding. In such a case, this court can not disturb the finding on account of conflicting testimony. *Hall* v. *Stanley*, 86 Ind. 219. Where the evidence on one side is contradicted by that given on the other side, we are to take as true that which the trial court by its finding declared to be true, per ELLIOTT, J. *Arnold* v. *Wilt*, 86 Ind. 367. The judgment ought to be affirmed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment of the court below be and the same is hereby, in all things, affirmed, at the costs of the appellant.

Filed April 17, 1884.