Filed April 29, 1885.

---

No. 11,934.

## GATHRIGHT ET AL. *v.* BURKE.

NOTICE.—*Name.—Signs.*—A father, who had been in business for a number of years, sold out to his son, who continued the business; no change was made in the names or signs about the place of business, and the son bought goods of the appellants, who had formerly dealt with his father, but the sellers had notice that the father had retired, and that the son had succeeded him.

*Held,* that the father was not liable for the goods sold to the son.

From the Floyd Circuit Court.

*J. H. Stotsenbury* and *P. H. Jewett,* for appellants.

*J. G. Howard, J. F. Read, M. Z. Stannard* and *F. B. Burke,* for appellee.

ELLIOTT, J.—The appellants brought this action to recover the value of a lot of flour alleged to have been sold and delivered by them to the appellee.

The questions in the case arise on the evidence, and the controlling one is: To whom was the flour sold and delivered, the appellee James Burke, or his son William Burke? The court held that the purchaser was the son and not the father.

It is settled that where the evidence is conflicting, this court will not undertake to weigh it, but will accept that which the trial court accepted as credible and satisfactory. *Arnold* v. *Wilt,* 86 Ind. 367; *Cain* v. *Goda,* 94 Ind. 555; *Julian* v. *Western Union Tel. Co.,* 98 Ind. 327. This rule

requires us to accept as satisfactory the testimony of the witnesses upon which the court below acted.

It appears from the evidence that James Burke, the father, had for a long time been engaged in business and had purchased goods of the appellants, but, before the purchase of the flour sued for, he sold out to his son and embarked in other business. After the son bought from his father, he continued business at the same place and made no change in the signs about the place. The appellant's contention is that this evidence makes a case in their favor under the rule declared in *Elverson* v. *Leeds,* 97 Ind. 336 (49 Am. R. 458). That case was a very peculiar one and can not have a very general application, and, certainly, can not apply here, where there is evidence fully tending to show that the party who had sold out the stock, and retired from business, did not know that purchases were being made by his vendee under the name in which the business was formerly conducted, and where the sellers knew of the change. We say that there was evidence that the appellants knew of the change in the ownership of the store, because William Burke testified that he notified the agent who took the orders not to charge the orders to James Burke. In addition to this testimony there were other circumstances justly supporting the inference that the agents of the appellants, through whom the business with William Burke was transacted, must have known that James Burke was not the buyer.

Judgment affirmed.

Filed May 19, 1885.