## SMITH *vs.* HIGHTOWER.

[This case was argued at the last term, and the decision reserved.]

1. Where suit was brought on a promissory note, a plea of failure of consideration was sufficient, which alleged that the note was given for the exclusive right to sell patented machines in certain counties, that the machines were worthless and unsuited to the purposes for which made, and that the note was purchased after due by the plaintiff. The exclusive right to sell was valueless if the machine was worthless

(*a.*) The adaptation of a machine to the uses for which it is made is always warranted.

2. There was no error in charging that, unless the machines were reasonably suited to the uses for which they were intended, or were utterly and absolutely worthless, the jury would be authorized to find for the defendant.

3. The verdict is supported by the evidence, and being approved by the presiding judge, must stand.

March 9, 1887.

Contracts. Consideration. Promissory Notes. Patents. Before Judge CARSWELL. Johnson Superior Court. March Term, 1885.

Reported in the decision.

JOHN M. STUBBS; A. F. DALEY, by brief, for plaintiff in error.

No appearance for defendant.

JACKSON, Chief Justice.

This action was brought on a promissory note for the sum of two hundred dollars, by Smith, bearer, against Hightower. The plea was that the note was given in consideration of the exclusive right to sell two patents—one for " patent grazers " and the other " patent buggy attachments,"—in the counties of Johnson and Laurens ; that the machines were utterly worthless and unsuited to the purposes for which they were made, and that the note was purchased after due by the plaintiff. The jury found for the defendant, the court denied a new trial, and plaintiff excepted.

1. There was no error in overruling a demurrer to the plea. It rested on the ground that defendant did have the right to sell in those counties, and therefore the consideration did not fail ; but it is hard to understand of what value is the exclusive right to sell a worthless thing, totally unfitted for the use for which it was manufactured; and if valueless, we do not see where the consideration to sell it can be found. Its adaptation to the use for which the machine is made is always warranted. Code, §2651–2.

2. It follows that the court did not err in charging that unless the machines were reasonably suited to the uses for which they were intended, or if they were utterly and absolutely worthless, the jury would be authorized to find for the defendant.

3. The evidence is conflicting; there is enough to support the verdict; the judge approves it; it is not against his charge or the law, and therefore it must stand.

Judgment affirmed.