Flowers v. McCann.

------

No. 118.

## FLOWERS v. McCANN.

APPELLATE COURT.—*Conflicting Evidence.*—Where the evidence is conflicting the Appellate Court will not undertake to weigh it, but will accept that which the trial court deemed credible and satisfactory.

From the Allen Circuit Court.

*C. W. Kuhne*, for appellant.
*H. Colerick* and *W. S. Oppenheim*, for appellee.

NEW, J.—The complaint in this case is by the appellee, to recover for the value of logs and lumber hauled by him for the appellant under a written contract.

After the overruling of a demurrer to the complaint, and exception, the appellant answered in five paragraphs, to wit: A general denial; payment; settlement; counter-claim, and set-off. The paragraph, however, which is denominated set-off is of the nature of counter-claim. A reply in general denial was filed to the answer.

Upon the issues thus formed the cause was tried by a jury, and a verdict returned in favor of the appellee for two hundred and forty-five dollars.

A motion for a new trial was made by the appellant, overruled, and exceptions saved. Judgment was then rendered by the court, for the appellee, for two hundred and forty-five dollars and costs.

The errors assigned by the appellant are:

*First.*    That the court erred in overruling the demurrer to the complaint.

*Second.*    That the court erred in overruling the motion for a new trial.

The objection made to the complaint, as stated in the brief of appellant's counsel, was that no copy of the written contract was filed with the complaint.    This objection, since the filing of said brief, has been waived by an agreement filed in this court, signed by counsel for the parties.

The only question before us for decision, therefore, is, whether the court erred in overruling the appellant's motion for a new trial.

Of the reasons assigned for a new trial, the only one discussed in the brief of appellant's counsel is, that the damages assessed by the jury in favor of the appellee are excessive.

We have examined with care the evidence and think it tends to support the finding of the jury.

The appellee testified that he hauled 122,251 feet of oak and cotton-wood, at $3.50 per thousand feet, which would amount to $427.87, and that he hauled 146,971 feet of ash, at $4 per thousand feet, which would amount to $587.88, making altogether $1,015.75.

The appellee's testimony as to the amount of cash paid him by the appellant is somewhat confused and unsatisfactory.    The appellant swore that the cash paid by him to the appellee was $556, and that he had paid him $100 in cattle, in all $656.    The appellee testified that the appellant was entitled to a credit of $90 for lumber which the appellee failed to haul.    These credits taken from $1,015.75 leave a remainder of $268.75 in favor of the appellee, which is more than the amount returned by the jury.

There was testimony which, if credited by the jury, would have made the appellant's credits larger than they were placed at by the appellee, but it was the exclusive province

of the jury to weigh the evidence and judge of the credibility of the witnesses.

We will not undertake to weigh the evidence, but will accept that which the trial court deemed credible and satisfactory. This rule has been firmly settled by the Supreme Court of this State. *Gathright* v. *Burke*, 101 Ind. 590; *Union School Tp.* v. *First Nat'l Bank, etc.*, 102 Ind. 464; *Stoft* v. *Herrell*, 124 Ind. 478.

The judgment is affirmed, with costs.

Filed May 13, 1891.