[No. 13418. Department One. December 12, 1916.]

W. F. CRADDICK, Plaintiff, v. H. A. EMERY et al., Respondents, ADELBERT FOURNIER, Appellant.[1]

PATENTS—SALE OF INVENTION—FAILURE OF CONSIDERATION. Notes given for a valueless unpatentable device, upon representations that it was valuable and patentable, are without consideration.

SAME—SALE—CONSIDERATION—ESTOPPEL. A purchaser of a mechanical device who was not a mechanician is not estopped to assert want of consideration by the fact that he made his own investigations and inquiries before purchasing, where it appears that he relied upon the seller's statements that it was valuable and patentable rather than upon opinions of those of mechanical knowledge who examined it casually and believed it impracticable.

Appeal from a judgment of the superior court for King county, Jurey, J., entered October 2, 1915, upon findings in favor of certain defendants, in an action on a promissory note, tried to the court. Affirmed.

[1] Reported in 161 Pac. 484.

*Walter B. Allen,* for appellant.

*C. H. Winders,* for respondents.

FULLERTON, J.—W. F. Craddick, claiming as indorsee of a promissory note, instituted this action to recover thereon. In his complaint he set forth a note for $1,000, purported to have been executed by H. A. Emery and C. E. Lawson to Adelbert Fournier, and by Fournier indorsed in blank and delivered to him. Judgment was demanded against the indorsee *as well as* the purported makers. To the complaint, Fournier answered, setting up want of notice of nonpayment at the time of the maturity of the note. Emery filed an answer in which he admitted the execution of the note, and, by way of an affirmative defense, set up that the note was one of three of equal amounts given to Fournier for an undivided half interest in a mechanical contrivance for power transmission, which the payee of the note falsely and fraudulently represented to be of value and capable of being patented; further alleging that the contrivance afterward proved to be of no value and nonpatentable, and that the notes were thus without consideration; further alleging, also, that Craddick was not a purchaser for value of the note sued upon, but took the same with notice of its want of consideration. He set forth, also, certain payments made to Fournier on account of the dealings between them in making a working model of the mechanical contrivance, aggregating $1,967.70, for which sum he demanded judgment against Fournier.

Lawson answered, denying all of the material allegations of the complaint, and set up two affirmative defenses. In the first of these, he alleged that he was an indorser of the note for Emery, and that notice of nonpayment of the note at maturity was not given him. In the second affirmative defense, he set up want of consideration for the note, substantially in the language of the affirmative defense interposed by Emery. Whether Craddick replied to the affirmative matter in the answers of Emery and Lawson is not disclosed by

the transcript. Fournier replied, putting in issue the affirmative matter in both answers. He also filed a cross-complaint against both Emery and Lawson. Against Emery, he alleged that he had evolved a device for a power transmission and clutch for an automobile; that he showed this to Emery, who became interested therein; that, in consideration of the assignment of a half interest to Emery, they then entered into a contract whereby Emery agreed to employ him at fifteen dollars per week during such time as it would take him to make a working model of the device, pay all costs for patenting the same, manufacture the same for the market, and divide the profits derived from the sale of the manufactured product with him; further alleging that he completed the working model, whereupon Emery broke the contract, and that thereupon he demanded a cancellation of the same and a redelivery of Emery's interest to him; that Emery refused his demand; that the same was worth $3,000, and for this sum he demanded judgment against Emery. Against Lawson, he set up a breach of a contract to procure him bankable notes for an interest in his invention, whereby he was damaged in the sum of $1,000. The cross-complaint against Emery was put in issue by a reply, and a demurrer was interposed and sustained to the cross-complaint against Lawson, and no amendment of the pleading was sought or allowed.

At the trial the evidence was mainly directed to the issues as framed between Craddick and the defendants Emery and Lawson, but little if any evidence being on the issues between Emery and Fournier. The court held the note in suit to have been given without consideration, that Craddick took the same with notice, and entered a judgment to the effect that he take nothing by his action. The court also denied recovery to Fournier on his cross-complaint against Emery, adjudging that his cause of action be dismissed. Fournier alone appeals.

The assignments of error are all directed against the findings of the court in so far as they affect the controversy be-

tween Craddick and the respondents Emery and Lawson, the contention being that the findings are against the preponderance of the evidence. Since Fournier in his pleadings claimed no interest in a recovery by Craddick, but, on the contrary, treated his indorsement of the note as passing his title and interest therein to Craddick, it is difficult to see what appealable interest he has in the controversy between them. But conceding that he has such an interest, and that his pleadings are capable of amendment in that respect, we find no error in the findings of the court on the evidence.

Without reviewing the evidence in detail, and setting forth only its salient features, it tended to show that Fournier had conceived a transmission device and clutch for use on automobiles. This he showed to Emery, who owned and conducted a machine shop, representing to him that he had had the patent office searched and that the device was patentable and would infringe upon no other patent except perhaps a clutch which he (Fournier) had theretofore patented. Emery was impressed with the device and the parties entered into a contract by the terms of which Emery, in consideration of a half interest in the device, agreed to furnish the necessary materials, give him the use of his machine shop and tools for the purpose of making a working model, and pay him fifteen dollars per week during such time as would be required for that purpose; further agreeing to pay the expense of procuring a patent for the device. After the model had been completed, but before it had been tested out and before it was found not to be patentable, Fournier attempted to sell his remaining half interest to Lawson. Emery, hearing of this and still believing in the feasibility of the device, claimed a preference right in himself to purchase the interest. An agreement was thereupon entered into between them by which Emery agreed to buy Fournier's interest for a consideration of $3,000. The sale was consummated by an assignment of the half interest and the delivery by Emery to Fournier of notes of the face value of $3,000. These proved not to be

bankable; whereupon they were returned to Emery, who gave new notes in lieu thereof indorsed by Lawson, one of such notes being the note in suit. The device thereafter proved not to be very efficient or of any value from a commercial standpoint and not to be patentable, the device infringing upon the patents of others. The evidence also disclosed that, while the device was in the process of construction, it was examined by a number of persons purporting to have mechanical knowledge, and by many of them pronounced impracticable and of no value, and that Emery was informed of the fact, but nevertheless afterwards consummated the purchase.

The evidence makes it clear that Emery received nothing of value for his notes. Not only did the device itself prove inefficient, but what is more to the point, the device proved an infringement upon other patents, thus rendering it commercially valueless even had it been what its inventor claimed for it and what Emery was led to believe it to be.

In *Arnold v. Wilt*, 86 Ind. 367, notes were given for certificates in a marriage benefit association, which ceased to do business within a few days after the notes were given, rendering the certificates wholly worthless. In an action upon the notes the maker set up want of consideration. The court said:

"This evidence fully establishes the defence of want of consideration, because it proves that the thing given the appellee for his note was utterly worthless. The case is not that of one receiving some consideration and judging for himself of its adequacy, but that of one receiving a thing utterly destitute of value. In short, there is a total absence of consideration."

In *Smith v. Hightower*, 76 Ga. 629, the action was upon a promissory note. The defendant set up that the note was given in consideration of the exclusive right to sell two patents, one for "patent grazers" and the other for "patent buggy attachments," in two named counties within the state

of Georgia; and that the devices were utterly worthless and unsuitable for the purposes for which they were made. The jury found for the defendant, the court denied a new trial, and the plaintiff appealed. The court on the appeal held:

"There was no error in overruling a demurrer to the plea. It rested on the ground that defendant did have the right to sell in those counties, and therefore the consideration did not fail; but it is hard to understand of what value is the exclusive right to sell a worthless thing, totally unfitted for the use for which it was manufactured; and if valueless, we do not see where the consideration to sell it can be found. Its adaptation to the use for which the machine is made is always warranted."

In *Comings v. Leedy*, 114 Mo. 454, 21 S. W. 804, the facts and the conclusion of the court were stated in the following language:

"The original note was given for the sole right to make, use and vend in the state of Colorado a patent right improvement in what is called a '*sad iron*,' of which Smallstig, one of the payees, claimed to be the patentee. The consideration expressed in the bill of sale is $5,500. The sale was made after several visits by Smallstig and wife, and Smallstig and Onstott, and various and divers statements and misrepresentations as to the usefulness and salableness of the iron; that one pint of alcohol only would be required to run it per day, when in fact Mrs. Leedy testified that it would take $2, $3 or $4 worth per day; that she never could get it hot enough to do good work, and that it was the greatest fraud ever invented; that before they purchased the right she asked Smallstig to leave one of the irons with her for a few days so that she could try it before trading, but that he declined to do so, giving as a reason that he did not have a spare one.

"The original note being void because of the inability of the payor, Mrs. Leedy, to make a contract of this kind on account of her coverture, it was void in the hands of plaintiff as indorsee even without notice of the fact that it was obtained by fraud, and was without consideration; and, although the last note was given in renewal of the first, there was no consideration therefor, and it was subject to the same

defenses as was the original note. And not only this, but the evidence shows conclusively that it too was obtained by fraud and deceit on the part of Milner, who was plaintiff's agent.

"The only consideration for either of the notes was the right to the state of Colorado in the patented iron, which the evidence shows is worthless and unsuited to the purpose for which it was made. The adaptation of a machine to the uses for which it is made is always warranted. *Smith v. Hightower*, 76 Ga. 630; Daniel on Negotiable Instruments, sec. 203, p. 226. So generally, if the thing purchased was entirely worthless when purchased, there is a total failure of consideration. *Arnold v. Wilt*, 86 Ind. 367; *Brown v. Weldon*, 27 Mo. App. 251. There is a total absence of consideration for either of the notes."

So Daniel on Negotiable Instruments (6th ed.), at § 203, states the rule as follows:

"Where the patented machine is worthless and unsuited to the purpose for which it was made, the consideration of a note given for the right to sell it totally fails. The adaptation of a machine to the uses for which it was made is always warranted."

These principles apply to the facts before us. The note having been given for a valueless unpatentable device, represented to be valuable and patentable, there was no consideration for it.

The appellant, however, seeks to invoke a rule of estoppel, contending that the purchaser when making the purchase relied upon his own investigations and inquiries, not upon the representations of the seller or upon the implied warranties arising from the character of the device sold. But if this principle would permit of a recovery under the facts assumed, the evidence does not justify the conclusion drawn. While the evidence shows that the purchaser was convinced of the feasibility of the device, so much so, indeed, that he expended some $2,000 in trying to perfect and patent it, it also shows that he was not a mechanician and relied upon the seller's statements and representations rather than upon

the opinions of those who examined it only casually and expressed belief in its impracticability.

The judgment is affirmed.

MORRIS, C. J., MOUNT, ELLIS, and CHADWICK, JJ., concur.